Filed 2/3/26  Razo v. County of Orange CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ALEJANDRO RAZO, | |
| Plaintiff and Appellant, | G064631 |
| v. | (Super. Ct. No. 30-2022-01242839) |
| COUNTY OF ORANGE, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila Recio, Judge. Affirmed.

Willford Law Corporation and Thomas M. Willford for Plaintiff and Appellant.

Lynberg & Watkins and Jesse K. Cox; Koeller, Nebeker, Carlson & Haluck, Zachary M. Schwartz, Kiran S. Idrees and Scott Martin for Defendant and Respondent.

\*          \*          \*

Plaintiff Alejandro Razo appeals from a judgment entered after the court sustained, without leave to amend, the demurrer of defendant County of Orange to his third amended complaint. In sustaining defendant's demurrer, the court emphasized the third amended complaint exceeded the scope of leave to amend. The court also held plaintiff's claims were barred by workers' compensation exclusivity.

Plaintiff raises three arguments on appeal. First, he contends the court erred by ruling his amendments exceeded the scope of leave to amend. Second, he argues he should be granted further leave to amend. Finally, he claims the court erred by finding workers' compensation exclusivity barred his claims.

Even assuming plaintiff's amendments did not exceed the scope of leave to amend, the court correctly held workers' compensation exclusivity barred plaintiff's claims. The court also did not abuse its discretion by denying further leave to amend. We accordingly affirm the judgment.

STATEMENT OF FACTS

I.

PLAINTIFF'S PRIOR COMPLAINTS

In January 2022, plaintiff filed the instant action against defendant. The complaint alleged three causes of action: (1) negligence; (2) respondeat superior; and (3) loss of consortium.

About a year later, plaintiff filed a first amended complaint (FAC) against defendant and other entities that are not parties to the instant appeal. The FAC alleged two causes of action against defendant: (1) negligence and negligence per se; and (2) respondeat superior.

In March 2023, plaintiff filed a second amended complaint (SAC), which included the same defendants and causes of action. According to the

SAC, plaintiff was employed by the Orange County Public Works, which was owned, managed, or controlled by defendant. As part of his employment, plaintiff cleaned debris from various locations. On one occasion, plaintiff was injured at a job site after he was instructed by his supervisor to use a "Vactor Truck," which had "an attached hose fitted with a nozzle for spraying highly-pressurized water." The SAC alleged defendant had modified the nozzle on the Vactor Truck that plaintiff used. The operations manager allegedly knew the modified nozzle was unsafe, but plaintiff's supervisor told plaintiff to disregard any safety concerns. While using the nozzle, "there was suddenly 'a big blast' and the hose and nozzle forcefully kicked back, striking [plaintiff] in the head causing numerous injuries, including head trauma, a broken clavicle and his ear amputation."

Defendant filed a demurrer to the SAC, arguing the first cause of action for negligence and negligence per se was barred by workers' compensation exclusivity. Defendant also argued the fourth cause of action for respondeat superior was not a proper cause of action.

The court sustained defendant's demurrer to the SAC and granted plaintiff leave to amend. As to the first cause of action for negligence and negligence per se, the court agreed plaintiff's "claims . . . [were] subject to the exclusive remedy under the Workers' Compensation Act, as [p]laintiff suffered an injury in the course of his employment, and the act of instructing [p]laintiff to use a modified hose/nozzle was a normal part of the employment relationship." As to the fourth cause of action, the court found plaintiff conceded the respondeat superior doctrine did not create a separate cause of action by failing to address the issue in his opposing papers.

3

## II.

### THE THIRD AMENDED COMPLAINT

In October 2023, plaintiff filed the operative third amended complaint (TAC). The TAC alleged two causes of action against defendant: (1) "Strict Liability – Ultrahazardous Condition of Equipment"; (2) "Civil Battery."

According to the TAC, defendant created an ultrahazardous condition by "negligently, willfully, intentionally, and criminally" modifying the Vactor Truck's nozzle. Defendant purportedly modified the nozzle by welding closed the backward-facing spray ports. The TAC alleged this modification increased the water pressure coming out of the remaining ports on the nozzle, resulting in an ultrahazardous condition.

The TAC also alleged defendant knew or should have known the modified nozzle created an ultrahazardous condition for its employees, and it improperly directed plaintiff to use the equipment. The equipment distributor purportedly advised an operations manager at Orange County Public Works that "the subject nozzle . . . was unsafe and warned . . . that said nozzle should not be used as re-tooled, re-manufactured, re-designed, modified, and altered by [defendant]."

The TAC further alleged Cal/OSHA cited defendant for various violations related to injuries or equipment issues. The TAC asserted defendant's alleged willful and criminal safety violations removed its conduct from the workers' compensation exclusive-remedy scheme. Finally, the TAC alleged defendant's conduct and plaintiff's injuries gave rise to a purported civil battery.

4

III.

DEFENDANT'S DEMURRER

Defendant demurred to the TAC and again argued the causes of action were barred by workers' compensation exclusivity. Defendant also emphasized the court allowed plaintiff to amend the SAC's negligence and respondeat superior causes of action, but the TAC improperly added new causes of action.

In May 2024, the court sustained the demurrer without further leave to amend. First, the court held plaintiff's amendments to the SAC exceeded the scope of the court's leave to amend because the TAC added two new causes of action. Second, the court found the causes of action were still barred by workers' compensation exclusivity. The court noted plaintiff could not circumvent the exclusivity of the workers' compensation scheme by affixing different labels to his causes of action.[1]

In July 2024, the court dismissed plaintiff's action against defendant and entered judgment in defendant's favor. Plaintiff filed a timely notice of appeal.

DISCUSSION

Plaintiff contends the court erred by ruling the TAC exceeded the scope of leave to amend. He also argues the court incorrectly applied workers' compensation exclusivity to bar his claims because the TAC alleged employer conduct outside the scope of the compensation bargain. Finally, plaintiff maintains the court abused its discretion by denying further leave to amend.

---

[1] The court articulated its reasoning in a minute order. The record on appeal does not include a reporter's transcript of the hearing.

5

Even assuming, arguendo, the TAC did not exceed the scope of leave to amend, plaintiff's claims are barred by workers' compensation exclusivity as a matter of law. The court accordingly did not err by sustaining the demurrer without leave to amend.

I.

STANDARD OF REVIEW

"'On appeal from a judgment after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment on whether the complaint states a cause of action as a matter of law. [Citation.] We give the complaint a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citation.] We deem all properly pleaded material facts as true. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged.'" (*HNHPC, Inc. v. Department of Cannabis Control* (2023) 94 Cal.App.5th 60, 68.) "'While the decision to sustain . . . a demurrer is a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion.'" (*Ibid.*)

II.

WORKERS' COMPENSATION EXCLUSIVITY BARS PLAINTIFF'S CLAIMS

*A. Applicable Law*

If an employee suffers an injury "arising out of and in the course of [his] employment[,]" workers' compensation is generally the employee's exclusive remedy against his employer. (Lab. Code, §§ 3600, subd. (a), 3602.)[2] "'The "exclusivity rule" is based upon a presumed compensation bargain: "[T]he employer assumes liability for industrial personal injury or death

---

[2] All further statutory references are to the Labor Code.

6

without regard to fault in exchange for limitations on the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort.”’” (*Jones v. Regents of University of California* (2023) 97 Cal.App.5th 502, 507–508.)

“The workers’ compensation statutes must be ‘liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment.’” (*Jones v. Regents of University of California*, *supra*, 97 Cal.App.5th at p. 508.) “‘This is so even where it might be to the advantage of a particular plaintiff to avoid workers’ compensation benefits and seek a remedy at law.’” (*Ibid.*)

An employee may file a civil action against his employer if certain statutory exceptions apply. (*See, e.g.*, §§ 3602, subds. (b)(1)–(3), 3706, 4558.) An employee also may initiate an action if the employer’s conduct falls outside the scope of the compensation bargain—i.e., conduct that is not a “normal part of the employment relationship.” (*Fermino v. Fedco, Inc.* (1994) 7 Cal.4th 701, 706, 713–715, 721 [workers’ compensation exclusivity did not apply to an employer’s false imprisonment of an employee because the employer had stepped outside its proper role].)

B. *Conduct Within the Compensation Bargain*

Plaintiff does not rely on any of the statutory exceptions to workers’ compensation exclusivity. Instead, he argues workers’ compensation exclusivity does not apply because defendant acted outside of its proper role as an employer by willfully, intentionally, and criminally creating an ultrahazardous risk. We disagree.

7

Taking the TAC's factual allegations as true, plaintiff was injured in the course and scope of his employment while performing assigned duties with equipment provided by his employer. Although the TAC characterizes defendant's conduct as "criminal," "willful," or "ultrahazardous," "the exclusive remedy provisions apply notwithstanding that the injury resulted from the intentional conduct of the employer, and even though the employer's conduct might be characterized as egregious." (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 15; *see Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160 [intentional or outrageous conduct connected to normal employment functions remains within exclusivity].)

The TAC further alleges defendant modified the nozzle on the Vactor Truck in violation of safety regulations and required plaintiff to use it. This conduct is a normal part of the employment relationship: providing work equipment, decisions regarding the equipment, and directing employees to perform tasks with it. Although the TAC alleges a distributor warned defendant that the modified nozzle was not safe and defendant was cited by Cal/OSHA, courts have repeatedly held an employer's knowing or reckless disregard of safety standards does not take a claim outside workers' compensation exclusivity. (*Gunnell v. Metrocolor Laboratories, Inc.* (2001) 92 Cal.App.4th 710, 719–726 [workers' compensation was the exclusive remedy for injuries arising from an employer's "regulatory crime," violation of health and safety standards, and concealment of known, unsafe work conditions]; *Arendell v. Auto Parts Club, Inc.* (1994) 29 Cal.App.4th 1261, 1263–1266 [workers' compensation exclusivity barred action where employer allegedly failed to provide adequate security despite a known crime risk]; *Johns-Manville Products Corp. v. Superior Court* (1980) 27 Cal.3d 465 (*Johns-*

*Manville*) [employer's intentional concealment of asbestos hazards did not overcome workers' compensation exclusivity].)

Relying on *Lee v. West Kern Water Dist.* (2016) 5 Cal.App.5th 606 (*Lee*), plaintiff argues a fact finder could determine defendant's conduct was outside the scope of the compensation bargain. But *Lee* does not stand for the proposition that every allegation of wrongdoing creates a triable issue. In *Lee*, the employer orchestrated a mock robbery and selected the employee as the unsuspecting "victim." (*Id.* at pp. 610–611.) The court held that whether the employer's conduct fell outside the scope of the compensation bargain was a question of fact for the jury. (*Id.* at pp. 628–629.) While the employer's conduct in *Lee* bore no relationship to workplace operations, nothing comparable is alleged here. Defendant is not accused of staging a hoax or intentionally terrorizing plaintiff. Instead, the TAC alleges defendant improperly altered workplace equipment and required plaintiff to use it, which is conduct that squarely fits within the compensation bargain.

Plaintiff's reliance on *Johns–Manville*, *supra*, 27 Cal.3d 465 is also misplaced. In *Johns–Manville*, an employee alleged his employer fraudulently concealed that he was suffering from an occupational disease caused by asbestos, which prevented treatment and caused him to continue working under hazardous conditions. (*Id.* at pp. 469–470.) The court held workers' compensation exclusivity did not bar a claim for the aggravation of plaintiff's injuries, which was distinct from the ordinary hazards of employment. (*Id.* at p. 478.) Unlike the complaint in *Johns-Manville*, the TAC in the instant case alleges an injury arising directly from ordinary employment duties.

Plaintiff next argues his claims fall outside workers' compensation exclusivity because defendant's alleged conduct violated public policy. The cases he cites recognize a narrow exception for employer conduct that violates a fundamental public policy wholly independent of workplace safety. (*Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1086–1087, overruled by *Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66 [involving retaliatory discharge and coercion of an employee to lie to the department of fair employment and housing]; *Singh v. Southland Stone, U.S.A., Inc.* (2010) 186 Cal.App.4th 338, 368–369 [concerning fundamental public policy prohibiting misrepresentations to induce a person to relocate for employment].) Those cases do not hold that violations of Cal/OSHA regulations or workplace safety statutes remove an injury from the workers' compensation system. And plaintiff cites no authority suggesting otherwise.

In short, even accepting plaintiff's allegations of intentional or egregious misconduct, the TAC alleges no conduct outside the scope of the compensation bargain.

## III.

### THE COURT DID NOT ABUSE ITS DISCRETION BY DENYING LEAVE TO AMEND

As noted *ante*, we review a trial court's denial of leave to amend for abuse of discretion. (*Stettner v. Mercedes-Benz Financial Services USA, LLC* (2023) 98 Cal.App.5th 45, 52.) "The plaintiff bears the burden of proving there is a reasonable possibility of amendment. [Citation.] The plaintiff may make this showing for the first time on appeal. [Citations.] [¶] To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' [Citation.] The assertion of an abstract right to amend does not satisfy this burden. [Citation.] The plaintiff must clearly and specifically set

10

forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43–44.) If the plaintiff fails to meet his or her burden, "there is no basis for finding the trial court abused its discretion." (*Id.* at p. 44.)

Here, plaintiff contends he can amend the TAC to assert claims for negligence, gross negligence, negligence per se, ultrahazardous activity, or tortious conduct in violation of public policy. But all these claims would still arise from the County's alleged modification of workplace equipment and direction that plaintiff use it. Plaintiff also asserts he "has since learned that another employee was injured less than one year before he was injured while using the same adulterated equipment." This allegation would not alter the exclusivity analysis because it merely restates the theory that defendant knowingly required employees to use unsafe equipment. No theory that plaintiff could plausibly allege removes the conduct from the compensation bargain. The court therefore did not abuse its discretion by denying leave to amend.

## DISPOSITION

The judgment is affirmed. Defendant shall recover its costs incurred on appeal.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.